UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS JAMES HARPER,

    Plaintiff,

    v.                                      Case No. 04-CV-73007-DT

WAYNE COUNTY, NURSE TORRENCE,
MR. VEASLEY, MR. D. PARSON, BADGE
4153, MR. WALKER, BADGE 1487, MR.
PENDERGRASS, BADGE 1227,
CZAMECKI, McMURRAN, A. SMITH,
ROPER, AND WATERMAN, AND CERTAIN
UNKNOWN EMPLOYEES/GUARDS OF
WAYNE COUNTY JAIL, in their individual
and official capacities,

    Defendants.
    _____/

**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION FOR LEAVE TO AMEND INITIAL WITNESS LIST AND ADD EXPERTS"**

Pending before the court is Plaintiff's "Emergency Motion for Leave to Amend Initial Witness List and Add Experts," filed on May 2, 2005.

On December 10, 2004, the court issued a Scheduling Order that outlined the deadlines for various filings in the case, including the disclosure of witnesses. Discovery is scheduled to end on May 31, 2005, and all witness disclosure dates were set in relation to other deadlines.

Plaintiff's deadline to disclose the name of his proposed experts was February 4, 2005, the date the "preliminary witness list" was due. (12/10/04 Schd. Order at 1.)  No

expert was disclosed.[1]  A proposed expert's written *report* was due somewhat later, eight weeks before the end of discovery (i.e., April 4, 2005), and none was filed.  In addition, the court ordered that Plaintiff's proposed expert "must be available and prepared for deposition within fourteen days after the date the expert report is provided (i.e., not later than two weeks before the end of discovery)."  (*Id.* at ¶ 3.)

On April 4, 2005, Plaintiff filed a document titled "Plaintiff's Expert Reports," which noted that "an expert has not been contacted" because "this case does not seem to warrant the use of an expert."  (Pl.'s Reports at 1.)  The document also purported to, in effect, unilaterally extend Plaintiff's filing deadline: "Plaintiff reserves the right to obtain such expert and submit such report as discovery in the case proceeds."  (*Id.* at 2.)  Similarly, in his February 3, 2005 "Preliminary Witness List," Plaintiff listed, among others, "all witnesses made known through further investigation and discovery."  (Pl.'s 2/03/05 Preliminary Witness List at ¶ 26.)  The court does not agree that such attempts to so broadly identify "all witnesses" as possible witnesses or to extend deadlines by mere declaration are effective, or that a party is capable of "reserving the right" to so do.

In his present motion, Plaintiff argues that "as discovery has progressed, there is a need for at least a head injury expert" who "would be able to further legitimate Plaintiff's claims."  (Pl.'s Mot. at ¶ 9.)  Plaintiff further argues that defendant "would not be prejudiced" because discovery is continuing until May 31, 2005.  (*Id.* at ¶ 10.)

In his complaint, filed in August 2004, Plaintiff averred that he "was beaten [by inmates] until he became unconscious," and that he "awakened in a pool of blood" with

---

[1] Also not disclosed was a description of the nature of the anticipated testimony of any disclosed witnesses.  (See 12/10/04 Schd. Order at ¶ 3.)

"serious injuries to his face and neck area, including but not limited to a broken nose." (Compl. at ¶¶ 14, 15 and 18.)  These allegations put Plaintiff on reasonable notice that an expert witness related to head injuries might be warranted in the case.

Fed. R. Civ. P. 16(b) provides that, a scheduling order establishing deadlines for matters such as amendments to pleadings "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  A party cannot wait until three weeks before the conclusion of discovery in the case to decide to add an expert witness to testify in relation to a matter so central to the case, leaving the opposition with enough discovery time only to depose the proposed expert,[2] but no time to locate, prepare and add to the witness list its own rebuttal expert.  Plaintiff's motion [Dkt. # 37] is DENIED.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record

---

[2] Further, the court notes that Plaintiff did not append to his motion any actual notice, particular identification, or any report of such a proposed expert witness. From Plaintiff's motion and brief, the court is left with the impression that only upon the court's approval will Plaintiff begin the search for a suitable witness.  Even with such actual information included, although it would probably have lessened the degree of prejudice to the other party, the court would not necessarily have granted the relief requested given the court's concerns about the ripple effect it would likely have on other scheduling deadlines.

on this date, May 16, 2005, by electronic and/or ordinary mail.

 S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522